# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>LEONARD ANDREW LAWSON,<br>LIZA YOUNG VALCARCEL,<br><br>        Defendants. | 3:10-cr-116-TMB-JDR<br><br>**ORDER<br>REGARDING<br>MOTION TO LATE FILE<br>MOTION TO DISMISS**<br>(Leonard Andrew Lawson)<br>(Docket No. 128) |

        Defendant **Leonard Andrew Lawson** moves the court to accept a late filed Motion to Dismiss the Indictment. Docket 128. The motion is opposed by the government. Docket 131. Lawson initially attempted to file the motion pro se, but

it was rejected by the clerk because it was not submitted by Lawson's court appointed attorney, D. Scott Dattan.[1]

The Motion to Dismiss seeks to reargue previous motions to suppress and rulings by the court. Lawson alleges misconduct by agents and their handling of the investigation that was subject to the suppression motions previously considered. The agents' actions have been previously probed at the suppression hearings. No evidence has been proffered by the motion to dismiss to support the claim of conspiracy by law enforcement officers, prosecutors and/or judicial misconduct to deprive Lawson of his constitutional rights. The testimony of witnesses at the suppression hearing was tested by cross-examination in the context of the totality of the evidence presented.

The Motion to Dismiss presents only rhetoric to support allegations of perjury and false declarations or to correct manifest errors of law or fact or to present newly discovered evidence.

Whether the government has sufficient evidence to prove Lawson's guilt of the alleged charges in the Indictment is an issue to be tested. There is no summary judgment procedure in a criminal case. Wherefore, the magistrate judge

---

[1] In his declaration, Mr. Dattan claims that Lawson is adamant about having the motion filed. Therefore he asks the court to accept Lawson's motion so it may become part of the record. As an attachment to the motion to accept late filed motion, Lawson's motion to dismiss is now officially part of the record.

concludes that the Motion to Dismiss is both untimely and insufficient to reargue what has previously been decided in pretrial motions. The Motion to Dismiss as presented lacks merit. Accordingly, the Motion to Accept Late Filed Motion to Dismiss Indictment is DENIED.

DATED this 11th day of August, 2011, at Anchorage, Alaska.

/s/ *John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge